## A. C. CHAPMAN *v.* ELI VANOVER.

[Abstract Kentucky Law Reporter, Vol. 4—254.]

**Receiver for Farm on Account of Waste.**

    Where the plaintiff in his petition for the appointment of a receiver of a farm, on account of waste, charges only that the land will not pay the debt due him and that the defendant is permitting the farm to go to waste, but not alleging how or in what manner the waste is being committed, and this is shown for the first time by affidavits at the hearing, the defendant on his application should be allowed time to produce proof of the falsity of such affidavits, and no receiver should be appointed until he has been given a chance to meet such charges, especially where he fiiles his own affidavit of such falsity and offers to furnish other proof thereof if given time to procure affidavits.

APPEAL FROM DAVIESS CIRCUIT COURT.

September 19, 1882.

OPINION BY JUDGE PRYOR:

This is an appeal from an order placing the real estate of the appellant in the hands of a receiver in an action to enforce a vendor's lien. The action was instituted in November, 1870, and in the following month (December) an answer was filed. The appellee failed to reply until March, 1880, and at the June term a rejoinder was filed by the appellant and no surrejoinder filed by the appellee until January, 1881. So the laches in the preparation of the pleadings was with the appellee and necessarily delayed the judgment.

The ground of the motion is that the land will not pay the debt and appellee is permitting the farm to go to waste. How or in what manner the waste is being committed does not appear in the notice or statement of the complaint. Affidavits were read on the hearing, and for the first time, so far as this record shows, the grounds for the motion were defined and that in the affidavit of the witnesses. The appellant asked time to controvert the affidavits, offering his own affidavit to the effect that he would disprove the statements made; that the farm was in as good condition as when he purchased it with the exception of the barn that had accidentally burned; that his ground had been broken up for his spring crops and his garden planted, and that to oust him under the circumstances would result in great injury. The names of the witnesses are given, by whom he proposed to establish the truth of the statements made, and if not, as the specific charges as to waste had been disclosed on the hearing for the first time, an opportunity should have been afforded him to produce rebutting testimony, particularly when the delay in obtaining a judgment was not to be attributed to the appellant. Under the circumstances, having plowed his land and planted his garden, a strong case should have been made out before the chancellor would or ought to have deprived him of possession.

Judgment *reversed* and cause remanded with directions to set aside the order placing the land in the hands of a receiver.

*Little & Slack, for appellant.*
*Sweeney & Son, for appellee.*